## PARKS & WOOLSON MACH. CO. v. UNITED STATES.
### No. L–242.

Court of Claims.
May 31, 1932.

Frank J. Albus, of Washington, D. C., for plaintiff.

Charles B. Rugg, Asst. Atty. Gen. (Charles R. Pollard and H. C. Clark, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

This suit is for the recovery of a tax for 1917 alleged to have been collected by credit at a time when collection was barred by the statute of limitation. Plaintiff claims that an overpayment of tax for 1918 applied on April 24, 1924, as a credit to an additional tax for 1917 assessed in March, 1923, was a collection of the 1917 deficiency out of time; that, the Commissioner having disallowed its claim for refund of the 1917 deficiency, it should have judgment for the principal of the tax so collected by credit, with interest.

The defendant insists that there was no collection of the 1917 deficiency, either by cash or credit, for the reason that the credit, by which the Commissioner attempted to collect the 1917 deficiency, was void under section 609 of the Revenue Act of 1928 (26 USCA § 2609). When the commissioner signed the schedule of overassessments March 5, 1924, for 1918, he believed that his action was a lawful collection by credit of the 1917 deficiency. This action was timely. The Commissioner, however, did not sign the schedule of refunds and credits until April 24, 1924. Since the credit in this case was taken April 24, 1924, the action was not timely. United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464; United States v. Boston Buick Co., 282 U. S. 476, 51 S. Ct. 206, 75 L. Ed. 470. The attempted collection of the 1917 tax by credit was void and of no effect under section 609 of the Revenue Act of 1928, which provides:

"(a) Credit against Barred Deficiency. Any credit against a liability in respect of any taxable year shall be void if any payment in respect of such liability would be considered an overpayment under section 2607. * * *

"(c) Application of Section. The provisions of this section shall apply to any credit made before or after May 29, 1928 [the enactment of this act]."

Section 607 (26 USCA § 2607) referred to in section 609, provides that "any tax * * * assessed or paid (whether before or after May 29, 1928 [the enactment of this act]) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim." See, also, Report No. 2, pages 33 and 34, Ways and Means Committee, 70th Congress, 1st Session, and Report No. 960, pages 41 and 42, Senate Committee on Finance, 70th Congress, 1st Session. In view of the provisions of section 609, supra, the plaintiff may not recover.

Before suit can be maintained, it must appear that there has been a payment of the amount of the 1917 tax for which suit is brought. Since the credit involved in this case is void by legislative direction, it is of no effect whatsoever. It is a nullity and is as if it had not been attempted. United States Refractories Corp. v. Com'r of Internal Revenue, 23 B. T. A. 872.

In view of the provisions of section 609, Revenue Act of 1928, the cases relied upon by plaintiff are not controlling. That section was not applicable to the facts in Boston Pressed Metal Co. v. United States, 282 U. S. 409, 51 S. Ct. 186, 75 L. Ed. 415, relied upon by the plaintiff. In that case recovery was denied under the provisions of section 611 of the 1928 Act (26 USCA § 2611). The credit involved in that case was not void. Here the credit was against a barred deficiency and has been made void by special congressional enactment.

The certificate of overassessment for the fiscal period January 1 to June 30, 1918, was issued March 24, 1924. The issuance of this certificate created an account stated in favor of the plaintiff and against the United States. Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018. The period of limitation within which suit could have been instituted upon the certificate of overassessment to recover the overpayment for 1918 expired March 24, 1930. This suit was not instituted until June 17, 1930, more than six years after the accrual of a cause of action to recover the overpayment for 1918. Recovery of the overpayment was barred when the suit was instituted, even if it had been grounded upon an account stated.

The petition must be dismissed. It is so ordered.