**HOLMES MFG. CO., Inc., v. UNITED STATES.**

**No. M–391.**

Court of Claims.

April 2, 1934.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This suit is begun to recover $1,600.95, representing part of an overpayment of income and profits taxes for 1917 which had been credited to deficiencies in the taxes for the years 1915 and 1916, more than five years after the original returns for those years had been filed. The petition in the case was not filed within the period prescribed for the commencement of suits to obtain a refund of taxes, but plaintiff bases its case upon the theory that the so-called "certificate of overassessment" which it received about November 11, 1925, constituted an account stated, or at least was such as to the item of overassessment contained therein. This certificate showed the amount of the overassessment and that disposition had been made of it by crediting it upon certain deficiencies in taxes for other years, and the balance refundable after such credits had been made. A check was inclosed for this balance, which was received and cashed by plaintiff. In other words, it was a statement of the account between the plaintiff and defendant with reference to taxes which had been assessed against plaintiff showing that a balance was due the plaintiff thereon which was accordingly refunded. The findings show that there was no agreement express or implied that any other sums would be refunded beyond the amount which was paid.

It is quite obvious there was no account stated in favor of plaintiff except for the balance shown. The amount of this balance was paid leaving nothing due as the account was stated. Plaintiff seeks to take the one item of the account which showed the amount of the overassessment and ignore the credits and the refund made on the other side of the account. We have repeatedly held that this cannot be done, and, without citing all of the many cases that support our holding would call attention particularly to R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 78 L. Ed. ——, Leisenring v. United States, 3 F. Supp, 853, 77 Ct. Cl. ——, certiorari denied 54 S. Ct. 558, 78 L. Ed. ——, and Samuel Daube v. United States (Ct. Cl.) 5 F. Supp. 769, decided February 5, 1934.

The plaintiff received the check for the balance shown to be due by the account, and

William A. Neacey, of Washington, D. C. (William Cogger, of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

cashed it without making any objection thereto until almost six years later when this suit was commenced. Instead of being an account stated in favor of the plaintiff, it was really an account settled. Cf. Stearns Co. v. United States, supra.

Plaintiff's action is without merit, and it is ordered that its petition be dismissed.

BOOTH, Chief Justice, and WHALEY, WILLIAMS, and LITTLETON, Judges, concur.