## SHIPLEY CONSTRUCTION & SUPPLY CO. v. UNITED STATES.

### No. 42131.

Court of Claims.
June 25, 1934.

John W. Townsend, of Washington, D. C. (Claude E. Koss, of New York City, and James Craig Peacock, on the brief), for plaintiff.

John T. Koehler, Sp. Asst. to Atty. Gen., and Frank J. Wideman, Asst. Atty. Gen. (James A. Cosgrove, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

This is a suit to recover an overpayment of $8,654.13 income and profits taxes for the fiscal year 1920.

The plaintiff alleges that the Commissioner admitted in writing the overpayment upon which suit is brought and promised to pay the same, by reason of which an account stated was created and the suit was brought in time. On behalf of the defendant it is insisted that no such promise was made, that no timely or proper claims for refund have been filed, and that plaintiff's action is barred by the statute of limitations.

While two claims for refund were filed, we do not need to consider them. They were not filed within the time required by the statute, and it is doubtful whether they were sufficient in form. On the other hand, if there was a valid promise to pay an amount admitted to be due, a claim for refund was not necessary.

There is no dispute as to the facts. On December 27, 1926, the Commissioner of Internal Revenue advised the plaintiff by letter that its application for a special assessment was denied, but that an audit of its income tax return disclosed an overassessment of $8,654.13. Further in the letter the Commissioner stated: "The overassessment shown above will be made the subject of a certificate of overassessment which will reach you in due course through the office of the Collector of Internal Revenue for your district and will be applied by that official in accordance with section 284 (a) of the Revenue Act of 1926."

Plaintiff protested the denial of its application for a special assessment by letter and later submitted a brief in support of a request for reconsideration of the special assessment application. Some conferences were held, and on July 13, 1927, plaintiff was notified by letter that the application for special assessment was properly denied and that the conclusions set forth in the letter dated December 27, 1926, as above set out, "were sustained." This action of the Commissioner constitutes the promise upon which plaintiff relies.

The Commissioner did not later issue a certificate of overassessment, nor did he apply the overpayment in accordance with section 284 (a) of the Revenue Act of 1926 (26 USCA § 1065 (a). Had this been done, the overpayment would have been refunded. On October 8, 1927, the Commissioner further advised the plaintiff that, "as a claim for refund was not filed prior to April 1, 1927, or within four years from the date the tax was paid, the overassessment of $8,654.13 of which you were advised in Bureau letters dated December 27, 1926, and July 13, 1927, cannot be allowed."

It should be observed in this connection that the word "overassessment," as used by the Commissioner, was manifestly used as synonymous with "overpayment."

The suit is in effect one based upon an account stated. The defendant, contending that there was no account stated, calls attention to the fact that no certificate of overassessment was issued. But this was not necessary. In the case of David Daube v. United States, 59 F.(2d) 842, 1 F. Supp. 771, 75 Ct. Cl. 633, at pages 643–645, affirmed 289 U. S. 367, 53 S. Ct. 597, 77 L. Ed. 1261, the opinion recited the nature of transactions which have been held to constitute an account stated. Among other matters, it is held that, where a fixed sum is admitted by one party to be due the other, and there is a promise

express or implied for the payment of this amount, an account stated is rendered. To this statement the other party must assent, but it is not necessary in such cases that the assent be given in writing or by any kind of direct communication. It may be inferred from all of the circumstances of the case. Cf. United States v. Kaufman, 96 U. S. 567, 24 L. Ed. 792; United States v. Real Estate Savings Bank, 104 U. S. 728, 26 L. Ed. 908, in which there was no evidence of assent except as it would be naturally inferred under the circumstances. We think that portion of the Commissioner's letter which is above set out contained an admission of a precise amount due the plaintiff, and, if the further statements as to what would be done with reference to the amount so due did not constitute an express promise to pay it, it can at least be said that the promise would be implied therefrom. It appears to us clear that a person in the situation of plaintiff would understand from the Commissioner's letter, not only that the amount of the overassessment was admitted to be due, but also that this amount would be refunded in the ordinary course of proceedings at the Commissioner's office.

It is contended on behalf of the defendant that plaintiff did not assent to the statement so made by the Commissioner, but, on the contrary, protested against it. But the protest was made only against the refusal of the Commissioner to allow a special assessment, and we think that it cannot properly be construed to mean that, if the plaintiff could not get the special assessment, it would accept nothing. On the contrary, it seems to us that the fact that plaintiff replied to the Commissioner's letter and in its reply objected only to the refusal to grant the special assessment justifies the inference that it assented to the statement of the overassessment made by the Commissioner. It will be observed that the letter of the Commissioner did not claim that there were taxes for any other year which were or might be due or become due, upon which the overassessment might be applied. In fact, there were none. It should also be noted that, after plaintiff's letter had been received, the Commissioner, on July 13, 1927, wrote plaintiff that the application for a special assessment had been properly denied, and again stated that the conclusions in his former letter "were sustained." To this the plaintiff made no reply and took no further action, all of which seems to us to strengthen the conclusion that plaintiff assented to the determination of the Commissioner.

If our conclusions from the evidence in the case are correct, the plaintiff is entitled to recover the amount of the overpayment with interest, and judgment will be rendered in its favor accordingly.

WHALEY and LITTLETON, Judges, concur.

BOOTH, Chief Justice, and WILLIAMS, Judge, dissent.