## FIRST NAT. BANK OF BEAVER FALLS v. UNITED STATES.
### No. K—149.

Court of Claims.
May 7, 1934.

As Corrected Oct. 15, 1934.

John E. Hughes, of Chicago, Ill. (William Cogger and William A. Neacey, both of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Chicago, Ill., and Frank J. Wideman, Asst. Atty. Gen. (William W. Scott, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

A motion for new trial and motion to amend the findings has been filed. It is not claimed that any of the findings were erroneous but it is urged that the findings are incomplete. The additional findings asked, however, either relate to matters that already sufficiently appear from the findings made or to matters that are not material. There is nothing contained in them which would in any way affect the decision in the case.

While the court is convinced that the former judgment should be sustained, in view of the fact that the point which is specially mentioned in the motion for new trial was not fully discussed in the original opinion and for the further reason that it is contended that certain conclusions in an opinion rendered by this court in another case should be overruled, we have thought it advisable that the opinion heretofore rendered by the majority of the court should be withdrawn and a new opinion filed as follows:

This is a suit to recover part of an overpayment on taxes for the year 1918 which was credited upon an additional tax for the year 1917 on July 8, 1924, which was after the period of the statute of limitations on the collection of the tax for 1917 had expired. An unlimited waiver had been filed for 1917, but under notice given by the Commissioner to taxpayers in general it expired April 1, 1924.

The evidence shows that on March 4, 1924, the Commissioner advised the representatives of the estate of the decedent in effect that there would be an overassessment allowed for the year 1918 and an additional assessment made for the year 1917, and also that where the tax had been paid the overpayment would first be credited against the taxes due for any other year and the balance refunded. Shortly thereafter, the Commissioner made an additional assessment for 1917 in the sum of $36,230.67 and also approved an overassessment for the year 1918 in the amount of $41,052.57. On March 15, 1924, pursuant to the suggestion of the Commissioner, plaintiff filed a claim for the refund of the taxes for 1918 in the amount of the overassessment. The schedule having been sent to the Collector with instructions to examine the accounts of the taxpayer for other periods and apply the overpayment as a credit against taxes due for other years, the Collector completed the schedule by crediting $36,230.67 on the taxes of 1917 and showed the net amount refundable after such credit to be $4,821.90. The schedule having been completed and the credit made, as above stated, it was returned to the Commissioner who, on July 8, 1924, approved the same and caused the certificate of overassessment and credit to be mailed on July 19, 1924, to the executor of the estate of Beegle, together with a check for $4,821.90, the amount shown to be refundable by the certificate.

■ On June 27, 1928, Nellie E. Beegle, as residuary legatee, filed a claim for refund of $45,000 for 1917 on the ground that the assessment of said tax was made without due regard to section 250 (d) of the Revenue Act of 1921 (42 Stat. 264, 265) and that the statute of limitations had run against the collection of the tax. This claim was rejected on October 10, 1928. On August 31, 1928, the estate of F. N. Beegle, by Nellie E. Beegle, residuary legatee, filed a claim for refund of $36,230.67 taxes paid for the year 1918 on the ground that the statute of limitations had run against the collection of the tax by credit against the overassessment. This claim was also rejected. The claim for refund of 1918

taxes, filed March 15, 1924, was never formally acted upon. It was filed pursuant to a suggestion of the Commissioner who thereafter considered the matter of plaintiff's taxes, allowed the overassessment for 1918, credited $36,230.67 on taxes for 1917, made up the account accordingly, and on July 19, 1924, sent a statement thereof to plaintiff in the form of a certificate. This certificate showed an overassessment of the taxes of 1918 and that $36,230.67 out of the overpayment upon the 1918 taxes had been credited upon the taxes of 1917. This left a balance of $4,821.90 which the certificate showed to be due and refundable. Accordingly, a check for that amount in favor of the plaintiff was inclosed with the certificate. Under our holding in the case of *Pratt & Whitney Co. v. United States*, 6 F. Supp. 574, decided by this court April 9, 1934, this constituted a rejection of the claim for refund to the extent of $36,230.67. The time for beginning an action on this claim had expired at the time when this suit was begun, which was April 24, 1929. Nor can the suit be based upon the claim filed August 31, 1928, for refund of the taxes of 1918, for the suit was not brought within five years after the taxes were paid. See section 3226 of the Revised Statutes (section 1113 (a) Revenue Act of 1926, 26 USCA § 156). On both of these claims an action was barred.

■ Counsel for plaintiff, however, insist that the certificate mailed to plaintiff (which was duly pleaded) constituted an account stated in its favor for the full amount of the overassessment and that it therefore had six years from the date thereof in which to bring suit. This contention deserves no extended discussion. We have, within a comparatively recent date, held in a number of cases upon a similar state of facts that there was no account stated in favor of plaintiff for the reason that there was no agreement or understanding that plaintiff should be paid anything further than the amount which was refunded, and our decisions have been upheld by the Supreme Court. In fact, the certificate showed very plainly that the defendant claimed there was nothing due the plaintiff except what was refunded and that the check for the amount of refund which accompanied the certificate was intended to be in full settlement of the tax account pending between plaintiff and defendant. Upon this fact and the fact that no objection or complaint was made thereto by plaintiff for nearly four years, we have made a special finding that the evidence as a whole shows that both parties considered the claim settled by the

payment of the refund. We shall make further reference to this finding upon another branch of the case.

■ As before stated, the petition shows that the suit was begun to recover the taxes of 1918. Having shown that the action insofar as it is based on the claims for refund of taxes paid for that year is barred, and that the period of limitations is not extended by an account stated in favor of plaintiff, it would seem that this sufficiently disposes of the case as presented by the pleadings. There is, however, another view of the case presented by a dissenting opinion based upon the claim of refund of taxes of 1917, and in order that this matter can be fully considered we have caused the findings to show that such a claim was filed although we consider it entirely immaterial under the issues in the case. The petition makes no reference to a claim for refund of taxes of 1917 nor was it even referred to in the argument of plaintiff on the original submission of the case. This court has been liberal in its practice with reference to pleadings, but it never has held and we do not think it should now be held that the plaintiff may recover on a cause of action which is not stated in the petition. The foundation and one of the essential elements of an action to recover taxes of 1917 is a claim for refund of the taxes for that year, and without an allegation showing that such a claim for refund was filed there is no cause of action stated upon which a recovery may be had of the taxes for that year. The allegations of the petition being wholly insufficient to base a cause of action for the taxes of 1917 thereon, we think this would be sufficient reason for not considering this new feature which, in our opinion, has no place in the case.

■ However, as there is abundant reason for rejecting this claim on its merits, we do not base our conclusions solely on what has been stated above.

In the case of R. H. Stearns Co. v. United States, 291 U. S. 54, 54 S. Ct. 325, 330, 78 L. Ed. ——, a certificate was sent the taxpayer showing an overassessment for 1918, that the overassessment had been credited on the taxes of 1917 (the collection of which was then barred by statute), and that there was still due and owing from the taxpayer on the taxes of 1917 a balance of over $5,000. On the receipt of this statement, the opinion recites that—

"The taxpayer did not object to the account as submitted in its final form. Far from objecting, it paid the resulting balance, and by this act as well as by silence conceded the indebtedness. Indeed there was more than an account stated; by force of voluntary payment there was also an account settled."

Paraphrasing what was stated in the Stearns Case, we think it should be said that in the instant case the taxpayer did not object to the account as submitted in its final form. Far from objecting, it accepted the check for refund and by this act as well as by silence for four years conceded the correctness of the account, and by reason of the acts of the parties there was an account settled.

The cases are almost exactly parallel. The only difference is that in the Stearns Case the certificate sent plaintiff showed a balance due the defendant which the plaintiff paid. In the case at bar the certificate showed a balance due the plaintiff which was paid by defendant. Plaintiff in the case before the court accepted the check and made no objection that it had not been refunded a sufficient amount until nearly four years afterwards. In the Stearns Case the plaintiff paid the amount shown to be due the government and made no objection until a somewhat longer period had expired, but the authorities all hold that the principle is the same whichever party makes the payment. In the case of Lockwood v. Thorne, 18 N. Y. 285, 292, cited by the Supreme Court as authority for the principle above laid down, the payment was made by the party presenting the account as it was in the case at bar.

Where an account is thus settled, the settlement cannot be set aside in the absence of fraud or mistake entering into it. Here there is no allegation or even a claim that there was any fraud or mistake and we have specially found that both parties considered the account settled by the payment of the sum refunded. Under all of the authorities the plaintiff must be held to have agreed to the balance struck by the account rendered and is bound thereby.

What we have said above makes it unnecessary for us to consider the question of whether plaintiff could, under a proper pleading, have maintained an action based on the claim for a refund of the 1917 taxes and whether the opinion rendered in Parks & Woolson Machine Co. v. United States, 58 F. (2d) 868, 75 Ct. Cl. 204, was erroneous. It should be noted, however, that the decision in United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464, which is said to overrule the Parks & Woolson Case was made upon entirely different facts and upon an entirely different question. In that case the overassessment was not applied upon a

barred tax but upon the tax of another year which had been overassessed, and the provisions of sections 607 and 609 (a) and (c) of the Revenue Act of 1928 (26 USCA §§ 2607, 2609 (a, c), had no application whatever. By agreement of counsel the sole question submitted in the lower court (68 Ct. Cl. 97) and in the Supreme Court was with reference to whether the claim in suit was filed in time, and this was agreed to depend on the time when the credit was allowed, which was all that was submitted to and determined by the Supreme Court. In other words, it was agreed that the date of making the credit determined whether the claim for refund was filed in time, and when that date was fixed the rights of the plaintiff were determined. We think that neither the Swift & Co. Case nor any of the other cases cited involve either as a matter of fact or question of law the issues now before the court.

It follows that plaintiff's petition must be dismissed and it is so ordered.

LITTLETON, Judge (dissenting).

I am of opinion that plaintiff states a cause of action under paragraphs 7, 8, and 9 of the petition for the amount claimed as an illegal collection for 1917 and that it is entitled to recover under the provisions of the Revenue Act of 1928 (26 USCA § 2001 et seq.). The petition might have been demurrable because it did not allege the filing of a claim for 1917, but the proof has corrected any defect in this regard since it shows the filing of a lawful and timely claim for refund for the illegal collection by credit of the additional assessment for 1917 plus interest.

1. Upon further consideration of sections 607 and 609 (a) and (c) of the Revenue Act of 1928, 26 USCA §§ 2607, 2609 (a, c), in the light of recent decisions in this court in Leisenring et al. v. United States, 3 F. Supp. 853, 78 Ct. Cl. 171, and Daube v. United States, 5 F. Supp. 769, 78 Ct. Cl. 754, and the decision in United States v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464, I am of opinion that the conclusion reached in Parks & Woolson Machine Co. v. United States, 58 F.(2d) 868, 75 Ct. Cl. 204, was erroneous. In that case the taxpayer filed a timely claim for refund of taxes collected by a credit made after the expiration of the period of limitation and instituted suit within two years after its rejection, but the decision in the case proceeded on the theory that an attempted credit of an allowed overpayment was void and ineffectual for any purpose and, in such case, the taxpayer's cause of action

was for the allowed overpayment, evidenced by the certificate of overassessment delivered after the refund schedule had been signed. For this reason the suit was dismissed. Plaintiff also contended that there was an account stated with reference to the overpayment credited to the barred tax, but, as to this, the court pointed out that the petition was not filed within six years after the date of delivery of the certificate of overassessment.

Section 607 of the 1928 Act (26 USCA § 2607) declares that any tax paid after the expiration of the period of limitation shall constitute an overpayment and shall be refunded if a claim is filed; and section 609, 26 USCA § 2609, declares that collection of a barred tax by credit shall likewise constitute an overpayment. United States v. Swift & Co., supra, held that a credit of an overpayment for one year against an unpaid tax for another year constituted a collection of such tax on the date on which the Commissioner signed the schedule of refunds and credits and that if the tax was barred on that date, it could be recovered if a claim was filed within four years thereafter.

2. In the case at bar collection of the 1917 tax became barred April 1, 1924, when the unlimited waiver filed for that year expired, and the collection by credit on July 8, 1924, when the Commissioner signed the schedule of refunds, was illegal under sections 607 and 609 of the 1928 act. On June 27, 1928, within four years after such collection by credit, plaintiff filed a claim for refund thereof for 1917 on the grounds (1) that the additional assessment for 1917 against which the 1918 overpayment was credited was made without compliance with section 250 (d) of the Revenue Act of 1921 (which was true); and (2) that the statute of limitation had run against the collection of the tax. This claim set forth that the amount of the tax assessed, for which the claim for refund was being filed, was $36,230.67 for the calendar year 1917 on the assessment list of March 11, 1924. The exact language of the claim, so far as material here, was that "Deponent verily believes that this application should be allowed for the following reasons: The statute of limitation had run against the collection of the tax; the full amount of tax with interest should be refunded." This claim was disallowed and rejected by the Commissioner, October 20, 1928, on the ground that the effective date of the credit was March 14, 1924, when he signed the first schedule of overassessment for 1918. This suit was instituted April 24, 1929, within six months after rejection.