## FIRST NAT. BANK OF BEAVER FALLS
## v. UNITED STATES.*
### No. K–149.

Court of Claims.

Jan. 14, 1935.

John E. Hughes, of Chicago, Ill. (William Cogger and William A. Neacey, both of Washington, D. C., on the brief), for plaintiff.

John W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (W. W. Scott, of Washington, D. C., on the brief), for the United States.

Argued before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

PER CURIAM.

The motion for leave to file a second motion for new trial must be overruled. It comes too late under the rules of the court. We might, in our discretion, permit it to be filed if it showed that the court had inadvertently committed some error, or some other good ground for new trial was shown. But the motion discloses nothing of the kind. It is based principally on two grounds, namely, that the statement made in the last sentence of the findings, that "the evidence as a whole shows that both parties considered the claim settled by the payment of the refund," is merely a legal conclusion, and, if considered as a statement of fact, is not in accordance with the evidence. Both of these contentions are clearly erroneous. The language quoted is an ultimate and material fact derived from other facts set forth in the testimony and the evidence. It is contended that it is not correct as a finding of fact because the Commissioner, after making the refund, upon a subsequent request of plaintiff sent plaintiff some interest and therefore the "claim" could not have been settled. There is no merit in this contention. Plaintiff's "claim" for refund contained no mention of interest. The itemized account presented by the Commissioner in his certificate showed an overassessment credited upon the tax for 1917 and a refund of a certain amount, the refund and the credit together making a total of the exact amount that plaintiff claimed, thus settling the "claim." No reference was made therein to the matter of interest.

In order to avoid any misunderstanding it should be kept in mind that the plaintiff in this case commenced two suits in this court both arising out of the same transaction, but in each case the right of recovery depends upon altogether different matters. In the instant case the plaintiff brought suit to recover the portion of the overassessment for 1918 which, as shown by the original opinion, was credited upon the taxes for 1917, contending that the certificate of overassessment which was issued and delivered to plaintiff constituted an account stated in its favor. In the other case (Ct. Cl.) 7 F. Supp. 600, plaintiff brought suit to recover interest on the amount credited on the 1917 tax on the ground that the Commissioner had neither allowed nor paid it any interest thereon. The question of how much interest should have been paid plaintiff is not involved in the case now before the court (No. K–149).

*Writ of certiorari denied 55 S. Ct. 544, 79 L. Ed.