GAGE v. UNITED STATES.
No. 42625.

Court of Claims.
May 4, 1936.

Frank L. Warfield, of Washington, D. C. (Stanley Worth, of Washington, D. C., on the brief), for plaintiff.

J. W. Hussey, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The partnership of Rousmaniere, Williams & Co. filed an excess profits tax return for 1917 upon which a profits tax of $98,638.15 was computed and paid June 15, 1918, and thereafter in September, 1919, the Commissioner made an additional assessment of $2,627.49 which was paid September 28, 1919. A revenue agent had made an audit and investigation of the books and records of the partnership in connection with its return filed for that year and recommended an additional excess profits tax assessment against the partnership, and also found and recommended certain overassessments of individual income taxes in respect of the income tax liability of the five partners. On December 9, 1919, the partnership filed with the Commissioner a brief of ten pages in which all the items of income and deductions entering into the income and profits tax liability of the partnership for 1917 were discussed, and in this brief an informal claim for refund was made on the ground that the partnership was entitled to special assessment under section 210 of the Revenue Act of 1917 (40 Stat. 307), and an application was made to the Commissioner in the brief to grant special assessment and to give the partnership the benefit of any relief in respect of its profits tax liability to which it was entitled under section 210. This brief was not made in the usual form of a claim for refund and was not sworn to. However, on March 9, 1928, before the Commissioner had acted upon the application for special assessment, but after he had finally determined the net income of the partnership and the profits tax liabilities under section 201, the partnership filed a formal claim for refund of $25,000, or such greater amount as might be legally refundable, on the ground that it was entitled to special assessment under section 210. This formal claim was filed to perfect and complete the informal claim theretofore filed on December 9, 1919. At the time this refund claim was filed all taxes determined and assessed for 1917 had been paid. This claim was promptly transmitted to the Commissioner by the collector and was received in the Commissioner's office March 17, 1928. Thereafter the Com-

missioner, before he had completed his audit of the return of the partnership for 1917 in connection with its claim for special assessment and before he had acted upon the foregoing refund claims, published Treasury Decision 4266. This Treasury Decision provided that in order for an informal claim for refund to be allowable it would be necessary for a taxpayer who had filed an informal or imperfect refund claim to perfect the same by a formal claim for refund filed on or before May 1, 1929. After the promulgation of this Treasury Decision the partnership on April 29, 1929, executed a formal claim for refund for 1917 for $25,000 on the ground of special assessment, which claim was filed April 30, 1929, formally to perfect any informality or imperfections in the previous claims filed on December 9, 1919, and March 9, 1928.

In this suit plaintiff seeks to recover the amount of $8,316.34 with interest, representing the unrefunded portion of the overpayment of $28,967.19 finally determined and allowed by the Commissioner. There is no controversy concerning the overpayment.

Plaintiff contends that there was an account stated for $28,967.19 for 1917 and that this suit, which was instituted within six years after the statement of such account, was timely.

Counsel for the defendant insists that there was no statement rendered by the Commissioner showing a balance due in favor of the partnership for 1917 and that this suit was barred by section 3226 of the Revised Statutes, as amended (26 U.S. C.A. §§ 1672–1673), at the time it was instituted.

Under the facts and circumstances in this case, we are of opinion that the Commissioner stated the account for 1917 showing a balance in favor of the partnership, and that inasmuch as this suit was instituted within six years thereafter it is not barred. The Commissioner on September 15, 1928, after the partnership had filed informal and formal claims for refund, advised the partnership that he had determined an overassessment of $28,967.19 for 1917, and that its claim for refund for that amount would be allowed and that such amount would be credited or refunded unless the partnership within thirty days from that date advised the Bureau that it desired a conference or wished

to file a protest in respect of the amount for which the claim had been allowed. The overassessment disclosed resulted from the allowance of special assessment. It was acceptable to the partnership, and no protest of any kind was made. Accordingly, the Commissioner on October 9, 1928, in accordance with section 1116 of the Revenue Act of 1926 (26 U.S.C.A. § 1671 note), allowed the overpayment of $28,-967.19, and the collector on October 30, 1928, reported to the Commissioner that the entire amount was refundable. However, the Commissioner when he came to pay the refund of $28,967.19 and interest made a mistake of fact in holding with respect to $8,316.34 of the overpayment that the partnership had not claimed a refund after payment and that only that portion of the total allowed overpayment of $28,967.19, which had been paid prior to December 9, 1919, when the informal claim for refund was filed, was refundable. When the Commissioner made this mistake of fact he had already advised the partnership on September 15, 1928, that $28,967.19 was due it and, in addition, he had already, on October 9, 1928, allowed an overpayment in favor of plaintiff for $28,967.19 in accordance with his letter of September 15, 1928, and knew that the entire overpayment was refundable. There was no support in fact or in law for the position taken by the General Counsel of the Bureau that the amount of $8,316.34 of the overpayment could not be refunded because no claim for refund had been made after that portion of the overpayment had been paid on April 26, 1921. The partnership did on March 29, 1928, make a formal demand and claim for refund of $25,000, or such greater amount as might be found to be legally refundable, on the ground of special assessment, and on April 30, 1929, made a further formal demand and claim for refund of $25,000, or such greater amount as might be legally refundable, on the ground of special assessment in accordance with Treasury Decision 4266 promulgated by the Commissioner. This last claim for refund was filed and received by the Commissioner six months after he had allowed the overpayment of $28,967.-19, although he had not advised the partnership thereof. Notwithstanding this the Commissioner on June 1, 1929, prepared and delivered to the partnership a certificate of overassessment for 1917 which stated a total overassessment and overpayment in favor of the partnership of $28,967.19 but erroneously advised the partnership that payment of $8,316.34 of the balance due was barred. The certificate stated in the footnote thereof the amount of the overpayment refunded plus interest, totaling $34,008.25, for which check was inclosed. No credits whatever were involved, and no claim was made by the government, and no advice was given the partnership that the government was entitled to retain the amount of $8,316.34 of the overpayment allowed except on the ground that payment thereof was barred by the statute of limitation, which was not the fact.

In Shipley Construction & Supply Co. v. United States, 7 F.Supp. 492, 79 Ct. Cl. 736, it appeared that the Commissioner on December 27, 1926, determined an overassessment for 1920 which he advised the taxpayer would be allowed, but thereafter, on July 13, 1927, he advised the taxpayer that the amount could not be refunded because barred by the statute of limitation. Counsel for the defendant contended in the Shipley Case, as it contends in the case at bar, that there had been no statement of account and no promise, express or implied, to pay the overpayment determined, and that the suit was barred. We held that there had been a statement of overpayment of $8,-654.13 in favor of plaintiff for the taxable year 1920 and that the suit, having been instituted within six years thereafter, was not barred, and judgment was rendered in favor of plaintiff. The case at bar is, we think, even stronger in favor of plaintiff than in the Shipley Case; for here the taxpayer made a demand for a refund on the ground on which the overpayment was determined after payment and also after the Commissioner had formally allowed the overpayment and before he made the mistake of fact in concluding that payment of a portion of it was barred by the statute of limitation. The fact in the case at bar that he mailed a certificate of overassessment showing a computation of the overpayment, a portion of which was refunded, and in the Shipley Case wrote a letter explaining the details of the matter, and concluded that no portion of the overpayment could be refunded because of the statute of limitation, does not change the situation.

In Toland v. Sprague, 12 Pet. 300, 335, 9 L.Ed. 1093, the court said that: "The nature of the account is not changed by there being a controversy as to a balance stated, which the defendant does not ask to diminish, or the plaintiff to increase; * * * the question between them [the parties] is not about the account, or any item in it; but as to the right of the defendant to retain the admitted balance."

In the case at bar there was no controversy as to the amount due the plaintiff. The Commissioner did not decrease the amount of $28,967.19 allowed and the plaintiff did not ask to have it increased. The only controversy was with reference to whether the whole of the balance due could be refunded. As to this plaintiff was right and the defendant was wrong.

The cases of Stearns Co. v. United States, 291 U.S. 54, 54 S.Ct. 325, 78 L.Ed. 647; Leisenring et al., Ex'rs, v. United States, 3 F.Supp. 853, 4 F.Supp. 993, 78 Ct.Cl. 171; First National Bank of Beaver Falls v. United States, 8 F.Supp. 484, 9 F.Supp. 424, 79 Ct.Cl. 744, and Pratt & Whitney Co. v. United States, 10 F.Supp. 148, 80 Ct.Cl. 676, on which counsel for defendant relies, are clearly distinguishable. In those cases no balance was stated in favor of the taxpayer and the certificates of overassessment mailed in each case showed that either the entire overpayment had been credited to taxes for other years or that a portion thereof had been credited and the balance refunded.

Plaintiff is entitled to recover $8,316.34 with interest as provided by law, for which judgment will be entered. It is so ordered.