## CLIFTON MFG. CO. v. UNITED STATES.
### No. 43149.

Court of Claims.
June 7, 1937.

726

William A. Sutherland, of Washington, D. C. (Sutherland, Tuttle & Brennan, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to the Atty. Gen., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

The overpayment in question is admitted and there is no claim on behalf of the defendant of any error or mistake in its determination. Plaintiff insists that there was an account stated in its favor by the Commissioner of Internal Revenue for $103,192.44, only $60,829.42 of which he paid. Counsel for the defendant take the position that there was no account stated in favor of the plaintiff for the amount of $42,363.02 here sought to be recovered. In this we think counsel are in error.

The Commissioner of Internal Revenue clearly and positively stated the account for the fiscal year ending March 31, 1919, showing a balance due plaintiff of $103,192.44. He then erroneously and

728

illegally held that plaintiff was not entitled to receive payment of $42,363.02 of this balance due for the reason that its payment was barred by the statute of limitation. He, therefore, paid only $60,829.-42 of the total overpayment of $103,192.-44 determined. The ground on which the Commissioner based his decision that he could not pay the amount of $42,363.02 was that the claim for refund of September 20, 1928, was filed more than four years after the date on which that amount had been paid. However, plaintiff had previously filed a formal claim for refund for 1919 on July 7, 1921, on the identical ground on which the Commissioner finally determined the overassessment and overpayment of $103,192.44 and stated the account in favor of plaintiff for that amount. The second claim of September 20, 1928, was filed because the Commissioner after the filing of the first claim on July 7, 1921, asserted and collected a deficiency on the ground that the contentions made by plaintiff in the first claim for refund were not good. However, when the Commissioner came to consider the second claim filed September 20, 1928, he reopened the question, as he necessarily had to do, went into the whole case, considered it fully upon its merits, and reconsidered and reversed his former decision of May 26, 1926, in which he overruled plaintiff's inventory adjustment claim and asserted a deficiency for the taxable year 1919 under section 274 of the Revenue Act of 1926.

The certificate of overassessment stated that consideration had been given to all the claims filed by plaintiff for the taxable year ending March 31, 1919. The amount of $42,363.02 which plaintiff here seeks to recover was therefore not barred and plaintiff is entitled to judgment therefor with interest under our decisions in Shipley Construction & Supply Co. v. United States, 7 F.Supp. 492, 79 Ct.Cl. 736; Gage v. United States, 14 F.Supp. 500, 83 Ct.Cl. 381; Wood v. United States, 17 F.Supp. 521, 84 Ct.Cl. ——.

█ The preparation of a schedule of overassessment which is sent to the collector before the taxpayer is advised by the Commissioner as to the statement of the account for the taxable year is an administrative action for bookkeeping purposes of which the taxpayer is not advised. The certificate of overassessment or other similar document, and not the overassessment schedule, is the statement of the account. Daube v. United States, 289 U.S. 367, 53 S.Ct. 597, 77 L.Ed. 1261.

Judgment will therefore be entered in favor of plaintiff for $42,363.02 with interest as provided by law. It is so ordered.