## WEINBURG v. UNITED STATES.
### No. 42788.
Court of Claims.

Nov. 14, 1938.

84

86

Francis R. Lash, of Washington, D. C. (C. Leo DeOrsey, of Washington, D. C., on the brief), for plaintiff.

John A. Rees, of Washington, D. C., and James W. Morris, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

Plaintiff paid certain income taxes as shown in the findings for 1917 and on March 29, 1928, filed a claim for refund of $19,727.91 on the ground that the Commissioner of Internal Revenue had erred in failing to credit his net income with the proportionate part of the excess profits tax of the partnership for 1917. The Commissioner considered the claim and allowed plaintiff a proper credit for the excess profits tax paid by the partnership, of which he was a member, for 1917.

A computation of plaintiff's tax liability for 1917, after allowing such credit, showed that plaintiff's correct tax liability for that year was $3,248.58 less than the total tax of $19,727.91 theretofore assessed and paid. On August 28, 1928, the Commissioner signed a schedule of overassessment of $1,362.99 in favor of plaintiff for 1917 on account of the action which he had taken, as above stated, on plaintiff's claim for refund, and shortly thereafter prepared and delivered to plaintiff a certificate of overassessment together with a Treasury check for $1,362.99 and $380.42 interest thereon totaling $1,743.41. The amount so refunded by the Commissioner represented the tax paid by plaintiff for 1917 within four years prior to the filing of the refund claim on March 29, 1928. The Commissioner refused to refund $1,885.51, the amount here in controversy, of the excess tax paid for 1917, after allowing the credit above-mentioned, on the ground that this portion of the tax in excess of the correct tax liability for the year was paid on June 15, 1918, more than four years prior to the filing of the

claim and was therefore barred by the provisions of section 284 of the Revenue Act of 1926. The amount of the tax which the Commissioner refunded represented payments on account of the 1917 tax which plaintiff had made in April and May of 1924, within four years of the filing of the claim in March 1928. This suit was instituted August 16, 1934, within six years after the delivery of the certificate of over-assessment set forth in finding 7, and plaintiff bases his right to recover the amount claimed upon an account stated. In order to sustain his claim that there was an account stated, plaintiff must, under the rules stated by this court in Wood v. United States, 17 F.Supp. 521, 84 Ct.Cl. 367, and Clifton Manufacturing Co. v. United States, 19 F.Supp. 723, 85 Ct.Cl. 525, show that the refund claim filed March 29, 1928, was timely under the provisions of section 284 of the Revenue Act of 1926. This the plaintiff endeavors to do, and whether such claim was timely is the controlling question in the case. It is clear that there can be no account stated in this case unless the claim was timely filed with respect to the tax of $1,885.51 paid June 15, 1918.

■ The defendant insists that under the facts in this case section 284, subdivisions (a) and (b), (1) and (2), and (g) of the Revenue Act of 1926, limits the amount of refund of income tax to the portion of the tax paid during the four years immediately preceding the filing of the claim, as specifically provided in subdivision (b). We agree with the defendant that this is the proper construction of the provisions of section 284 of the Revenue Act of 1926, 44 Stat. 66, which, so far as material here, are as follows:

"(a) Where there has been an overpayment of any income, war-profits, or excess-profits tax imposed * * * the amount of such overpayment shall * * be refunded immediately to the taxpayer.

"(b) Except as provided in subdivisions * * * * (g) of this section—

"(1) No such * * * refund shall be * * * made * * * after *four years from the time the tax was paid* in the case of a tax imposed by any prior Act, unless before the expiration of such period a claim therefor is filed by the taxpayer; and

"(2) The amount of the * * * refund shall not exceed the portion of the tax paid during the * * * four years * * * immediately preceding the filing of the claim * * *.

"(g) If the taxpayer has, within five years from the time the return for the taxable year 1917 was due, filed a waiver of his right to have the taxes due for such taxable year determined and assessed within five years after the return was filed, * * * then such * * * refund relating to the taxes for the year in respect of which the waiver was filed shall be * * * made if claim therefor is filed either on or before April 1, 1925, or within *four years from the time the tax was paid. * * *"* [Italics ours.]

■ Plaintiff contends that the limitation upon the amount of the overpayment refundable, as provided in subdivision (b) (2) of section 284, is inapplicable to cases within the provisions of subdivision (g); that subdivision (g) limits only the time within which a claim might be filed but does not limit the amount of the overpayment refundable; that the term "the tax" in section 284 (g) means the whole tax for the entire year and not a portion of the tax, and that Congress did not intend that the provisions of subdivision (b) (2) limiting the amount of the overpayment to the portion of the tax paid within four years preceding the filing of the claim to apply to the cases coming within subdivision (g).

The only exception which subdivision (g) made to the general rule stated in (b) (1) and (2) with reference to the filing of claims and the making of refunds was that a taxpayer who had filed a waiver of the statute of limitation could obtain a refund of an overpayment for 1917 even though paid more than four years prior to the filing of the claim, if the claim was filed on or before April 1, 1925. Plaintiff's claim was not filed on or before April 1, 1925. He was therefore limited to the amount of tax paid within four years prior to the filing of the claim on March 29, 1928. If he had filed his claim on or before April 1, 1925, he could have secured the refund of the entire overpayment, notwithstanding part of it was paid more than four years prior to that date. It seems obvious to us from a reading of section 284 and the report of the Senate Committee which inserted in the Revenue Act of 1924, as a new provision, the language of paragraph 2 of subdivision (b) of section 284, Revenue Act of 1926, that

such provision was intended to apply to all cases of refunds or credits of income and profits taxes arising after the enactment of the Revenue Act of 1924, whether claims for refund or credit were filed under the provisions of paragraph 1 of subdivision (b) or subdivision (g), except when the claim was filed on or before April 1, 1925. The statement of the Senate Finance Committee in its Report No. 398 on the Revenue Act of 1924 with reference to section 281 (b) (2) of that act, which section, so far as material here, was the same as section 284 of the Revenue Act of 1926, was as follows: "In order that a late payment of a small portion of the tax due may not extend the time for filing a claim for refund of the entire tax, a limitation has been inserted by the committee restricting the amount of a credit or refund to the portion of the tax paid during the four years immediately preceding the filing of the claim."

In view of the foregoing we think there can be no doubt as to the applicability of the provisions of paragraph 2 of subdivision (b) limiting the refund to the portion of the tax paid during the four years preceding the filing of the claim to the claim filed in this case. Under this construction the Commissioner was correct in holding that the amount of $1,885.51 here sought to be recovered was barred at the time plaintiff's refund claim was filed on March 29, 1928, and plaintiff is not entitled to recover. The petition is therefore dismissed, and it is so ordered.