"Weldon, J.,
delivered the opinion of the court:
On March 29,1887, the claimant filed a petition in this court, in which, in substance, he alleges that, on March 15,1878, he contracted with the defendants to carry the mail of the United States, between certain points in the State of Louisiana from July 1, 1878, to June 30, 1882, at a compensation of $11,700 per annum; that on August 1, 1879, the Postmaster-General increased the service arid allowed additional pay therefor; that on April 1,1880, the said Postmaster-General reduced the service; that from October 22, 1880, the Postmaster-General increased the service; that on September 15, 1881, the said Postmaster-General restored the first and original service, and deducted from the annual pay allowed under the increased service the sum of $27,193.13; that the reduction thus made in pay and service entitled the claimant to one month’s extra pay, amounting to the sum of $2,266.09, being the one twelfth of the sum of $27,193.13; and for that sum, to wit, $2,266.09, he demands a judgment. To the further pendency of said petition the defendants filed a motion to dismiss, based upon the following state of facts, as shown by the allegations of the motion:
Before the bringing of this suit by the claimant, the defendants instituted in the Circuit Court of the United States for the eastern district of Louisiana a suit against the claimant, based upon the contract aforesaid, in which the United States seek to recover from the said claimant the sum of $18,834.69 overpaid him for the services performed under said agreement; that on the 4th day of May, 1885, the claimant did answer the aforesaid cause of action by a claim in reconvention, whereby the said claimant did represent that the United States is justly indebted to him, in the said sum of $2,266.09, being for the same cause of action set forth in the petition filed in this case, and praying for judgment in said cause in said court for said sum, with interest at the rate of 5 per cent, since September 30, 1881.
The claim of the plaintiff in this case was pending in said Circuit Court at the time the suit was commenced in this court, *96 and was so pending when the motion to dismiss was made in this court. On the 27th of November, 1890, the claimant herein dismissed his reconventional demand against defendants in said Circuit Court of the eastern district of Louisiana. To the motion thus made by the defendants, the claimant files what would be regarded at common law a demurrer, admitting the substantial allegation of the motion, denying all averments and statements as to fraud and wrongdoing in the matter of securing expedition of service under said contract.
The paper filed by the defendants, as a motion to dismiss is, by the rules of pleading, the substance of a plea in abatement, and upon technical grounds of pleading would be inartificial j but for the purpose of this proceeding (being demurred to for want of substance) it may be treated as a plea in abatement, because of the pendency of another suit, between the same parties, for the same cause of action.
Underlying the law, applicable to pleas in abatement, is the well-established doctrine that the law abhors a multiplicity of actions, and will not, as a general rule, permit the pendency and prosecution of two suits for the same cause of action be-tetweeu the same parties at the same time. While this court is not governed in the administration of the law by the strict and technical rules of pleading, it does recognize and enforce the genera] and substantial rules of judicial procedure recognized by common-law courts. It is said in the case of Brown v. The District of Columbia (17 C. Cls. R., 303):
“ (The court seeks to administer justice between the contending parties by forms the most simple and convenient, and to make all such interlocutory orders as will lead to the doing of complete justice to all concerned, without prolonged litigation, or subjecting either side of a controversy to unnecessary inconvenience and expense.”
The Supreme Court, in the case of Clark v. The United States (95 U. S. R., 543), said:
“ The forms of pleading in the Court of Claims are not of so strict a character as to preclude the claimant from receiving what is justly due him upon the facts stated in the petition, although due in a different aspect from that in which his demand is conceived.”
At common law, a plea in abatement because of the pendency of a prior suit for the same cause of action was intended to pre *97 vent vexatious litigation, and although the pendency of the first suit at the time of the commencementof the second as a general proposition operated as an abatement of the second; yet, “on principle it seems that this plea can never prevail except in cases where the latter suit is vexatious ” (Gould on Pleading, 264, § 125). The pleading filed by the claimant in the Circuit Court of the United States intended to present the defense of a set-off under the civil code of the State of Louisiana. It is not called set-off, but reconvention, and is defined to be “ an . action brought by a party who is defendant against the plaintiff before the same judge ” (4 Mart. La. An., N. S., 439). “ The re-convention of the civil law was a species of cross bill” (Story’s Equity Plead., § 420). It differs somewhat from the set-off of the English statute, and the set-off recognized in this country, in that the subject-matter though different from the main action must be connected with and incidental to it. (La. Code of Pr., art. 375; 11 La., 309; 7 Mart. La., N. S., 282; 8 id., 516.)
It is insisted by the claimant’s counsel that the demurrer to the plea should be sustained, because the suit pleaded is pending in a court of foreign jurisdiction. Whatever may be the law applicable to the jurisdictions of the Circuit and District Courts of the United States, and thelocal courts of the different States, the position of counsel is untenable in this court, for the reason that the territorial jurisdiction of this court is commensurate with the United States, and all the courts of the United States held under and by the authority of the United States are within the territorial jurisdiction of the Court of Claims.
This court having jurisdiction of certain claims against the defendants, it is wholly immaterial where they originate, or where the claimant may reside;. it is sufficient that the claim comes within the subject matter of the jurisdiction of the court as provided and prescribed by law.
At the time of pleading the reconvention in the Circuit Court of Louisiana, that court had no jurisdiction to make effectual that plea, if found for the defendant. The claimant might have succeeded in defending under that plea to the extent of preventing a recovery against him, but he could not have obtained a judgment over against the - United States. While reconvention in the civil law bears a strong analogy to *98 recoupment at common law, by the code of Louisiana, under the plea of reconvention, the defendant may recover a judgment against the plaintiff (12 La. An., 178). On the 5th day of May, 1885 — (whatever the law may now be under the act of March 3,1887, entitled “An act to provide for the bringing of suit, against the Government of the United States, 24Stat. L., 505) — the Circuit Court had no jurisdiction of. set-off, or recon-vention in suits where the United States were plaintiffs.
The court Plight, under certain conditions prescribed by statute as to the presentation of the claim to the Department, have entertained jurisdiction of the subject matter of the re-convention by way of recoupment; but not by way of set-off, or reconvention under the civil code of Louisiana. The law of the jurisdiction of the Circuit Court was at that time insufficient to grant to the claimant the beneiits of a reconvention, the court being without power to render a judgment, where the defendant had established an indebtedness to him under said plea. At the time the plea of reconvention was pleaded it was void, because the court had no jurisdiction to grant the relief sought by the purposes of the plea.
In the case of Tillou’s Executors, decided in this court (1 C. Cls. R., 220), it was held, that the plaintiff was entitled to recover a judgment against the United States, on a judgment recovered by him against the Government on a plea of set off in a case in the Circuit Court of the southern district of New York, in which the United States were plaintiffs, and Tillou’s Executors were defendants.
The Government being dissatisfied with the judgment of this court, an appeal was taken to the Supreme Court, and in that court it was held, in substance, that the judiciary act does not authorize a suit against the Government in any of the Federal courts; that jurisdiction can not be exercised unless conferred by an act of Congress; that the right of set-off did not exist at common law; that the extent of authority conferred by the act 3d March, 1797, is that the defendant sued by the Government may exhibit his claims as credit, but they can not be admitted as demands for judgment; that they may be sufficient to discharge the entire claim of the Government, but the law confers no jurisdiction on the court to render judgment for any excess; that State laws do not constitute the rule of decision, but the question arises exclusively under the laws of *99 Congress. The court in the decision of the case cites many determinations of the Supreme Court, tending to establish the doctrine that as to a set-off as such, the courts of the United States had no jurisdiction to litigate the rights of parties, based upon a plea of set-off or reconvention. Upon that reasoning, the court reversed the judgment in favor of the executors as rendered by this court. (6 Wall., 484.)
In jurisdictions where the strict rules of common law pleading are recognized, it has been held, where it appears that the first action must have been ineffectual, its pendency shall not abate the second, because in such a case the latter is not vexatious, {Gould on Pleading, 264, sec. 126; 1 Eoot, 355, 362.)' The authorities are not by any means uniform upon the effect of the dismissal of the first action before the trial of the question of abatement in the second case, a majority of the decisions being in favor of the doctrine that the mere pendency of the first case when the second was commenced is sufficient to abate the second. That doctrine is perhaps most consonant with the strict philosophy of the law of special pleading as it was administered by courts through many ages of the common law, but in .modern practice the tendency is toward liberality, in pleading, and the recognition of the fact that pleading is only a means to accomplish an end in judicial controversy; that the legal right of the parties in the subject matter of litigation is the great purpose of judicial proceedings, and that questions of pleading must be subordinated to the higher purposes of judicial determination.
The case of Demona v, Cary, Fed. Rep., 480, cited by the counsel for the Government, is in strict accord with the general doctrine of. the common law, and if we were subject to the rules of that law in the trial of issues we should be compelled to follow the line of that authority, but, as repeatedly decided, we are not bound by the strict requirements of that system.
The claimant having elected to submit to this court the question of the liability of the Government, as alleged in híá plea of reconvention in the Circuit Court of Louisiana, he is in that court, during the pendency of his litigation here, prevented from using his claim, either by way of recoupment or recon-vention.
It is the order of the court that the demurrer of claimant be sustained, and that the defendants have leave to plead to the petition if they so desire.