## PACIFIC MILLS v. UNITED STATES.
### No. 42017.

Court of Claims.
May 29, 1933.

O. Walker Taylor, of Boston, Mass., for plaintiff.

J. W. Hussey, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

LITTLETON, Judge.

This case was heard on defendant's motion to dismiss for lack of jurisdiction under section 154 of the Judicial Code, section 260 of title 28, U. S. Code (28 USCA § 260), which provides that no person shall file or prosecute in this court any claim for or in respect to which he has pending in any other court any suit or process against any person who, at the time when the cause of action alleged in such suit or process arose, was in respect thereto acting or professing to act under the authority of the United States.

The motion alleges that at the time the petition in this case was filed plaintiff had pending in the District Court of Massachusetts a suit for the same cause of action against Nichols, collector of internal revenue.

The suit in this court was brought to recover $61,127.60, together with interest, an overpayment of income and profits tax for the calendar year 1919 duly allowed by the Commissioner of Internal Revenue on or before July 23, 1926, for which he on said date issued and mailed to the plaintiff a certificate of overassessment certifying that there had been allowed an overpayment for the calendar year 1919 of $92,756.90, and disclosing that $90,624.21 thereof had been credited against an additional tax alleged to be due for the calendar year 1918. This cer-

tificate was accompanied by Treasury check for the balance of $2,132.69, with interest.

Prior to the aforesaid allowance of the overpayment for 1919, plaintiff, on March 11, 1924, had duly and seasonably filed a claim for refund of the overpayment for 1919 which was allowed by the Commissioner in the amount of $92,756.90, as above mentioned, August 6, 1929, after the allowance of the overpayment, the issuance of the certificate of overassessment, and the refund of the balance in excess of the amount credited against 1918 additional tax, plaintiff filed with the Commissioner a petition, together with a claim for refund of that portion of the overpayment for 1919 which he had credited against 1918, on the ground that, at the time the credit was allowed and made, the assessment and collection of all tax for 1918 were barred by the statute of limitation, and that the 1919 overpayment was refundable under section 609 of the Revenue Act of 1928 (26 USCA § 2609), which declares that any credit against a liability in respect of any taxable year shall be void, if any payment in respect to such liability would be considered an overpayment under section 607 (26 USCA § 2607).

On the date on which the Commissioner allowed and made the credit of $90,624.21 of the overpayment for 1919 against the tax alleged by him to be due for 1918, the tax for 1918 was barred by the statute of limitation. Thereafter, on May 5, 1930, the Commissioner refunded to plaintiff $29,496.61, with interest on that portion of $90,624.21 credited against 1918, leaving an unrefunded balance of the overpayment for 1919 of $61,127.60 for which unrefunded portion plaintiff asks judgment in this suit, which was instituted within six years after the cause of action accrued for the overpayment allowed for 1919.

On June 28, 1932, plaintiff in this case filed a suit in the District Court for the District of Massachusetts against Malcolm E. Nichols, former collector of internal revenue for that district, for $395,950.11, income and profits tax alleged to have been erroneously and illegally collected for the calendar year 1918, on the ground that the Commissioner had erroneously, wrongfully, and excessively valued its inventory at December 31, 1918, in the amount of $8,939,578.86, thereby determining an erroneous and illegal additional tax for 1918 in the amount of $425,446.72, which had been collected by a credit of $90,624.21 of an overpayment allowed for 1919 and by cash in the amount of $334,882.51. The petitioner in the District Court further

set forth that, on May 1, 1930, the Commissioner, upon further consideration of plaintiff's tax for the calendar year 1918, reduced the tax theretofore determined and collected to the amount of $395,950.11, and on May 5, 1930, refunded to plaintiff $29,496.61 of the 1918 tax collected by credit of a portion of the 1919 overpayment. On these allegations the petition in the District Court prayed for judgment for $395,950.11, alleged erroneous collection for 1918, with interest.

On January 3, 1933, before the hearing of plaintiff's case in this court on defendant's motion to dismiss, the plaintiff filed a motion in the District Court for Massachusetts to amend its declaration in that court by eliminating therefrom all claims and demands for judgment for $61,127.60 of the tax collected for 1918 by credit of a portion of the overpayment for 1919 and praying judgment in the amended petition for $334,822.51 erroneously collected as a tax for 1918 in cash. This motion was agreed to by the United States district attorney, and was allowed by the District Court January 3, 1933.

It seems clear from the foregoing facts that the defendant's motion to dismiss the case in this court for lack of jurisdiction is without merit. The suit in the District Court against the collector was upon a different cause of action; namely, an alleged erroneous and illegal collection of a tax for the calendar year 1918. U. S. v. Swift & Co., 282 U. S. 468, 51 S. Ct. 202, 75 L. Ed. 464. The suit in this court is grounded upon an obligation of the United States to pay plaintiff $61,-127.60 arising from the lawful allowance by the Commissioner of Internal Revenue of that amount as an overpayment of tax by plaintiff for the calendar year 1919. See Bonwit Teller & Co. v. United States, 283 U. S. 258, 51 S. Ct. 395, 75 L. Ed. 1018; Parks & Woolson Machine Co. v. United States, 58 F.(2d) 868, 75 Ct. Cl. 204. Moreover, prior to the hearing of this case on the defendant's motion to dismiss, plaintiff had, with the approval of the District Court, amended its declaration against the collector to recover for 1918, eliminating therefrom all claims and demand for judgment for $61,127.60 of the alleged erroneous collection for 1918. It cannot, therefore, be said that the plaintiff is now prosecuting in this court a claim for or in respect to which it has pending in any other court a suit against a person acting under the authority of the United States.

The motion to dismiss is denied. It is so ordered.

BOOTH, Chief Justice, did not hear this case on account of illness, and took no part in its decision.