**LAN–DALE COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 03–1956C.

United States Court of Federal Claims.

Jan. 29, 2009.

Noah J. Van Amburg, Van Amburg Law Firm, Tucson, Arizona, for Plaintiff.

Joseph A. Pixley, with whom were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., Stephanie Cates–Harman, Navy Litigation Office, Of Counsel, for Defendant.

## OPINION AND ORDER

WHEELER, Judge.[1]

### Brief History of Proceedings

This case presents yet another example of a potentially meritorious action negated by the workings of 28 U.S.C. § 1500 (2006). *See Griffin v. United States*, 85 Fed.Cl. 179 (2008). Plaintiff Lan–Dale Company ("Lan–Dale") filed suit in this Court on August 21, 2003, asserting a claim for specific performance of a settlement agreement (Count I) and a claim for money damages (Count II). On the same day, however, Lan–Dale filed a similar suit in the United States District Court for the District of Arizona. Lan–Dale's complaints in both of these suits were based upon the same operative facts and requested essentially the same relief. The only differences were that the Arizona suit did not include a sum certain for money damages, and it included a request for injunctive relief. The money damages claim in our Court was for "not less than $8,000,000." (Am.Compl.¶ 102.) The dispute arose from Lan–Dale's 1992 contract with the Marine Corps Air Ground Museum, and specifically related to a settlement agreement dated January 18, 2000. Lan–Dale filed its lawsuits within one year after receiving the Contracting Officer's August 22, 2002 final decision. *See* Contract Disputes Act, 41 U.S.C. § 609(a)(3) (2006).

In an earlier decision in this case, Senior Judge Reginald Gibson dismissed Lan–Dale's complaint for lack of subject matter jurisdiction, holding that Lan–Dale's filing of simultaneous actions in this Court and in the District of Arizona divested this Court of jurisdiction under 28 U.S.C. § 1500. *Lan–Dale Co. v. United States*, 60 Fed.Cl. 299, 301 (2004). On reconsideration, however, Judge Gibson transferred Count I (the specific performance claim) to the District of Arizona, because, as of January 22, 2004, Lan–Dale had dismissed the duplicative action in Arizona. Op. on Pl.'s Mot. for Recon., *Lan–Dale*, No. 03–1956C, at *5 (Fed. Cl. April 6, 2004) ("*Lan–Dale* Recon. Dec."). Judge Gibson determined that the district court

may have had a basis to hear Lan–Dale's specific performance claim, whereas he believed the Court of Federal Claims did not. *Id.* He found transfer to the district court permissible under 28 U.S.C. § 1631. *Id.* The dismissal of Count II (money damages) remained in effect because only the Court of Federal Claims could hear this claim, and thus it could not be transferred.

The Arizona District Court, however, re-transferred Count I to this Court, finding that Judge Gibson's transfer decision was improper. *Lan–Dale Co. v. United States*, CV 04–306 TUC (D.Ariz. Dec. 13, 2006) (Bury, J.) ("Dist.Ct.Op."). The District Court concluded that it did not have jurisdiction to hear Lan–Dale's specific performance claim, but raised the possibility that the Court of Federal Claims might find an equitable basis for tolling the statute of limitations. *Id.* at *8. With the transfer of the specific performance claim of no help to Lan–Dale, this Court now is left in the position of having to reinstate Judge Gibson's 2004 decision and dismiss Lan–Dale's suit for lack of subject matter jurisdiction. Defendant has asked for this remedy in its September 29, 2008 motion to dismiss pursuant to Rule 12(b)(1).

The Court likely would have been able to hear and decide Lan–Dale's claims, both monetary and non-monetary, if only Lan–Dale had not run afoul of 28 U.S.C. § 1500. The Tucker Act, 28 U.S.C. § 1491(a), grants jurisdiction to the Court of Federal Claims to decide not only claims for money damages against the United States, but also "other nonmonetary disputes on which a decision of the contracting officer has been issued under [the Contract Disputes Act, 41 U.S.C. § 605]." 28 U.S.C. § 1491(a)(2); *see also Garrett v. Gen. Elec. Co.*, 987 F.2d 747, 750 (Fed.Cir.1993). While authority exists generally that this Court cannot grant specific performance relief, *see, e.g., Kanemoto v. Reno*, 41 F.3d 641, 645 (Fed.Cir.1994), Lan–Dale's entire cause of action arises from a contested Contracting Officer's final decision. The Court of Federal Claims could have decided whether the Government had done

---

1. This case was transferred to Judge Thomas C. Wheeler on August 15, 2008, pursuant to Rule 40.1(b) of the Rules of the Court of Federal Claims.

what was called for under the allegedly breached settlement agreement. This is so regardless of the labels applied to Counts I and II of Lan–Dale's amended complaint.

The contribution of Lan–Dale's former counsel to this debacle is not to be overlooked and will be addressed later in this opinion. However, the current judicial interpretation of 28 U.S.C. § 1500 is a monumental "trap for the unwary." *See, e.g., Passamaquoddy Tribe v. United States,* 82 Fed.Cl. 256, 262 (2008); *Vaizburd v. United States,* 46 Fed.Cl. 309, 310 (2000). With due respect to appellate precedent, this statute was never intended to be applied in a way that leaves Lan–Dale with no forum that will hear its claims.

## *Discussion*

As indicated, the Court is troubled by the application of 28 U.S.C. § 1500 to this case. The current text of this statute is as follows:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in any respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

28 U.S.C. § 1500. As others have noted, this statute stems from the post-Civil War era when Southern cotton growers sought to recover the value of property they had been forced to abandon during the war. The purpose of the statute was to prevent plaintiffs from requiring the United States to defend itself in multiple courts regarding the same issue. *See Keene Corp. v. United States,* 508 U.S. 200, 206–07, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Griffin,* 85 Fed.Cl. at 188–89; *Nez Perce Tribe v. United States,* 83 Fed.Cl. 186, 189 (2008).

The sponsor of the legislation, Senator George Edmunds, explained its purpose in 1868:

> The object of this amendment is to put to their election that large class of persons having cotton claims particularly, who have sued the Secretary of the Treasury and the other agents of the Government in more than a hundred suits that are now pending, scattered over the country here and there, and who are here at the same time endeavoring to prosecute their claims, and have filed them in the Court of Claims, so that after they put the Government to the expense of beating them once in a court of law they can turn around and try the whole question in the Court of Claims. *The object is to put that class of persons to their election either to leave the Court of Claims or to leave the other courts.* I am sure everybody will agree to that.

*Griffin,* 85 Fed.Cl. at 188–89 (quoting Cong. Globe, 40th Cong., 2d Sess. 2769 (1868)) (emphasis added).

Putting the language of the statute[2] together with the sponsoring Senator's explanation, plaintiffs simply were required to make an election of the court in which they wanted to pursue their claims against the United States. Thus, if a plaintiff had two suits raising the same issue against the United States in two different courts, the Government could invoke 28 U.S.C. § 1500 as a basis to dismiss the Court of Federal Claims action and thereby force plaintiff to make an election. If, at the time of ruling upon the motion to dismiss, plaintiff had withdrawn its action in the other court, it could proceed in the Court of Federal Claims. If plaintiff declined to withdraw its action in the other court, it could not proceed in the Court of Federal Claims. *See Keene,* 508 U.S. at 219–20, 113 S.Ct. 2035 (Stevens, J., dissenting). Earlier applications of 28 U.S.C. § 1500 followed this interpretation. *See Boston Five Cents Sav. Bank, FSB v. United States,* 864 F.2d 137 (Fed.Cir.1988); *Hossein v. United States,* 218 Ct.Cl. 727, 1978 WL 8481 (1978) (per curiam); *Brown v. United States,* 175 Ct.Cl. 343, 358 F.2d 1002 (1966) (per curiam); *Pacific Mills v. United States,* 77 Ct.Cl. 775, 3 F.Supp. 541 (Ct.Cl.1933); *Peterson v. Unit-*

---

2. As applied to this case, the differences between the current statute and the original version are

not material. *See Griffin,* 85 Fed.Cl. at 189–90.

*ed States,* 26 Ct.Cl. 93 (1890). Such an application of 28 U.S.C. § 1500 here would have permitted Lan–Dale to pursue its case in our Court.

In more recent cases, the interpretation of 28 U.S.C. § 1500 has changed. Instead of simply requiring a plaintiff to select its forum in response to a motion to dismiss, courts now look to the sequence of filing to determine whether any other court action was pending at the time the plaintiff filed suit in the Court of Federal Claims. Cases such as *Keene,* 508 U.S. 200, 113 S.Ct. 2035, 124 L.Ed.2d 118, and *United States v. County of Cook, Illinois,* 170 F.3d 1084 (Fed.Cir.1999), hold that the Court of Federal Claims lacks subject matter jurisdiction if the same suit was pending in another court or filed simultaneously with a suit filed in the Court of Federal Claims. This interpretation can result in a plaintiff forfeiting its claim and having *no place* for the merits to be heard, as it did for Lan–Dale. Thus, a plaintiff may lose its right to be heard on the merits in the Court of Federal Claims, *even if the Court of Federal Claims is the only court in which the suit could have been brought.* This was not the intention of Congress when it enacted 28 U.S.C. § 1500 in 1868.

In the aftermath of *Keene* and *County of Cook,* our Court has analyzed 28 U.S.C. § 1500 in abundant detail, searching for ways to apply an awkward statute [3] in a reasonable fashion. *See Griffin,* 85 Fed.Cl. 179 (Allegra, J.); *Nez Perce Tribe,* 83 Fed.Cl. 186 (Lettow, J.); *Passamaquoddy Tribe,* 82 Fed.Cl. 256 (Bush, J.) (on appeal); *Ak–Chin Indian Community v. United States,* 80 Fed.Cl. 305 (2008) (Hewitt, J.). As Judge Allegra noted in *Griffin,* a plaintiff who files on Monday in a district court and on Tuesday in the Court of Federal Claims will have its suit dismissed, whereas if the order of filing is reversed, "all is jurisdictionally well." *Griffin,* 85 Fed.Cl. at 181–82. In the latter example, the separate cases may go forward even though the plaintiff most assuredly is running contrary to the intent of 28 U.S.C.

§ 1500 by pursuing two similar actions against the United States in two different courts.

To be sure, Lan–Dale's former counsel made "a disastrous procedural error" [4] in filing the two lawsuits simultaneously in different courts, in apparent ignorance of 28 U.S.C. § 1500. Judging from the sequence of events, Lan–Dale's counsel may have perceived an impending statute of limitations problem in challenging an August 22, 2002 Contracting Officer's final decision within twelve months and may have been rushed in meeting what he thought was an August 21, 2003 deadline. *See* 41 U.S.C. § 609(a)(3) (2006) (suit in Court of Federal Claims may be filed within twelve months of contractor's receipt of final decision of the contracting officer). Lan–Dale's counsel also may have been unsure which court would have jurisdiction of a specific performance claim to enforce Lan–Dale's settlement agreement. These possible explanations for counsel's actions do not excuse the consequences to Lan–Dale, but simply highlight that 28 U.S.C. § 1500 is a "trap for the unwary," and especially so under *Keene* and *County of Cook.*

Moreover, Lan–Dale has at least twice declined an invitation to show that the Court of Federal Claims suit was filed before the Arizona District Court suit, leaving the Court with no alternative but to find that the suits were filed simultaneously on August 21, 2003. *See Lan–Dale* Recon. Dec. at *2 n. 2. The Court offered this opportunity again during the January 13, 2009 oral argument, but Lan–Dale's counsel declined. Although Lan–Dale substituted new counsel on May 1, 2008, which may have made proving the sequence of filing in August 2003 more problematic, new counsel still could have pursued this avenue if there were any basis to it. The Court therefore must conclude, as it has all along, that the two actions were filed simultaneously.

Lan–Dale's inability to present the merits of its claim indeed is unfortunate. As the

---

**3.** In his dissenting opinion in *Keene,* Justice Stevens described 28 U.S.C. § 1500 as "a badly drafted statute … [that] does not lend itself easily to sensible construction." 508 U.S. at 222, 113 S.Ct. 2035.

**4.** *Lan–Dale,* Dist. Ct. Op., at *7 n. 2.

Arizona District Court observed, "the Amended Complaint alleges egregious conduct by the Government." *Lan–Dale,* Dist. Ct. Op. at *5. While the Court would have been quite comfortable following the position advocated in the dissent by Justice Stevens in *Keene,* that option is not available. The Court has no choice but to follow the precedent of *Keene* and *County of Cook,* but it does so grudgingly, hoping that 28 U.S.C. § 1500 might be restored to its original intent in the near future.

### Conclusion

Based upon the foregoing, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk is directed to dismiss Plaintiff's complaint and amended complaint without prejudice. No costs.

IT IS SO ORDERED.